UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cr-20423-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAFAEL UBIETA and
ANGEL BARROSO,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' JOINT MOTION FOR NEW TRIAL

THIS CAUSE came before the Court upon Defendants Rafael Ubieta and Angel Barroso's Motion for a New Trial (ECF No. 468). The Government filed a Response (ECF No. 469) and Defendants replied (ECF No. 470). The Motion is now ripe for review. For the reasons that follow, the Joint Motion is DENIED.

**I.    BACKGROUND**

At the conclusion of a week-long trial in January 2013, a jury convicted Defendants Angel Barroso and Rafael Ubieta of conspiracy to commit wire fraud, in violation of 18 U.S.C.§ 1349, and wire fraud, in violation of 18 U.S.C. § 1343. *See* Tr. (ECF No. 369) at 84. The Court later sentenced Barroso and Ubieta to 210 and 240-month prison terms, respectively. *See* (ECF Nos. 314, 315, 362, 374). Defendants appealed and the Eleventh Circuit Court of Appeals affirmed their convictions and sentences on December 2, 2015. *See* Mandate (ECF No. 467). Shortly thereafter, Defendants filed the instant motion for new trial. Defendants contend they are entitled to a new trial based upon newly discovered evidence that would undermine the testimony of one of the Government's witnesses, Julio Diaz. *See* Mot. for New Trial (ECF No.

468) at 5. Defendants also argue that evidence exists that would show another Government witness—William Hartnett—may have testified falsely. *Id.* Lastly, Defendants claim a new trial is warranted on the basis that the Government failed to fulfill its obligations under: (1) *Brady v. Maryland*, 373 U.S. 83 (1963), to provide exculpatory and impeaching information concerning Diaz; and (2) *Giglio v. United States*, 405 U.S. 150 (1992), because of the Government's presentation of and/or failure to correct false testimony given by Diaz and likely by Hartnett. *Id.*

## II.     ANALYSIS

As a threshold matter, Defendants' Joint Motion is not compliant with the Local Rules of the Southern District of Florida. Local Rule 88.9 states, in pertinent part, the following:

> [A]t the time of filing motions in criminal cases, counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (1) that counsel have conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so; or (2) that counsel for the moving party has made reasonable effort (which shall be identified with specificity in the statement) to confer with the opposing party but has been unable to do so.

*See* S.D. Fla. L.R. 88.9(a). Counsel for Defendants have failed to include a certificate of consultation with the Government in an effort to resolve this matter and thus the Court is apt to deny the Joint Motion on this basis alone. However, even reaching the merits of Defendants' motion, the Court finds no basis to grant the requested relief.

### A.     Motion for a New Trial Based on Newly Discovered Evidence

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Thus, there are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence . . .; and the other based on any other reason, typically the interest of justice . . . ." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006)(en banc). The decision whether to grant or deny a motion for new trial rests in

the sound discretion of the trial court. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

To prevail on a motion for new trial based on newly discovered evidence, a defendant must show that: "(1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." *United States v. Barsoum*, 763 F.3d 1321, 1341 (11th Cir. 2014). Failure to satisfy any one of these elements is fatal to a motion for a new trial. *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995). "Motions for a new trial based on newly discovered evidence are highly disfavored. . . and should be granted only with great caution." *Campa*, 459 F.3d at 1151. The trial court is not free to reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable. *See Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted).

As to Diaz, the allegedly newly discovered evidence relates to a home equity line of credit ("HELOC") taken out in Diaz's name on one of the subject properties involved in this real estate fraud conspiracy (the "SW 7th Street Property") over three months after the closing in which he purportedly purchased that property. Defendants suggest that if Diaz knowingly took out the HELOC for the SW 7th Street Property on January 10, 2008, then his testimony regarding not being present for the October 1, 2007 closing must be false.

Defendants' arguments regarding the Diaz testimony fail the requisite analysis on virtually every prong. First, the Defendants cannot satisfy their burden of establishing due diligence in locating the HELOC given that even the most cursory review of the public record

3

would have led to the discovery of the HELOC on the web site for the Miami-Dade Clerk of Courts.  Second, the evidence of the HELOC does nothing more than potentially impeach Diaz's credibility as to whether he was a victim of identity theft when it comes to the purchase of the SW 7th Street Property.  It does not contradict his testimony that he was unaware that his identity was used to purchase the property or that his signatures were forged on the closing documents.  Lastly, there is no probability that evidence relating to the HELOC would demonstrate that a new trial would likely produce a different result.  In this case, the jury weighed all the evidence presented and rendered their verdict accordingly.  Defendants' argument that the Government's case would crumble without Diaz's testimony is rendered impuissant by the overwhelming evidence of Defendants' guilt.

Even more deficient are the arguments of newly discovered evidence relating to Hartnett's testimony.  Regarding the SW 7th Street Property, Hartnett testified that he paid José Martinez, the son-in-law of the seller of the property, a $30,000 commission in connection with that transaction.  On the other hand, Defendants argue that Martinez was interviewed by law enforcement prior to trial and stated that the $30,000 payment was a loan rather than a commission.  However, the information disclosed in the police report was provided to the Defendants prior to the trial and thus on its face cannot be newly discovered evidence.

Defendants also assert that additional information they obtained regarding Mr. Martinez indicates that Defendant Ubieta may not have been present at the closing for the SW 7th Street Property.  Yet, as the Government correctly points out, Defendants don't actually offer any evidence—newly discovered or otherwise—that Ubieta was not physically present at the closing as Hartnett testified.  Absent newly discovered evidence, Defendants' motion for a new trial based on Hartnett's testimony is untimely.  *See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a

new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.").

      B.      <u>Defendants' Allegations of *Brady/Giglio* Violations are Meritless</u>

Defendants' arguments that the Government committed *Brady* and *Giglio* violations are a last gasp effort to breathe some merit into their joint motion for a new trial. Unfortunately, these arguments ring hollow and do nothing more than imbue the Court with consternation over defense counsel's tactics.

To establish a *Brady* violation, the defendant must show that: (1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different. *United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir. 1989). Similarly, to obtain a new trial based on an alleged *Giglio* violation, the defendant must establish that (1) the prosecutor had used perjured testimony (or had failed to correct what it later learned was perjured testimony), (2) the prosecutor had acted knowingly, and (3) the perjured testimony is material. *U.S. v. Vallejo*, 297 F.3d 1154, 1163-64 (11th Cir. 2002). Perjured testimony is material if it could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. *U.S. v. Dickerson*, 248 F.3d 1036, 1041–42 (11th Cir. 2001) (citation omitted).

In this case, the Court finds particularly troubling Defendants' allegations of a *Brady* violation—stemming from the newly discovered evidence of Diaz's HELOC mortgage—because this claim indisputably fails every element necessary to establish a *Brady* violation. Defendants fail the first prong because the Government was wholly unaware of the January 2008

5

HELOC as the charged conspiracy focused on events that occurred between February and October of 2007. As to the second prong, the Court reiterates that Defendants could have obtained the HELOC evidence with reasonable diligence as it was a publicly available document. It would strain credulity to say that the Government suppressed the document given that the HELOC is posted on the Miami-Dade Clerk of Court website and thus, the third prong fails. Lastly, given the overwhelming evidence of guilt previously mentioned, there is no reasonable probability that evidence of the HELOC would have resulted in a different outcome at trial.

Turning to Defendants' allegations of a *Giglio* violation, the Court finds these accusations equally bereft of merit. In essence, Defendants argue that Diaz presented false testimony regarding his involvement in the purchase of the SW 7th Street Property and that Hartnett presented false testimony regarding Ubieta's presence at the closing of that property. Contrary to Defendants' claims of a prosecutorial cabal, the documentary evidence presented at trial continues to support Diaz's testimony that he was not involved in the initial purchase of the SW 7th Street Property. The Government had neither a basis upon which to question the veracity of Diaz's testimony nor did the Government suborn perjury by allowing Diaz to testify he was not involved in the initial fraudulent transaction. Regarding Ubieta's appearance at the closing, the Defendants only offer *ipse dixit* arguments that Hartnett's testimony is false or perjured.

      C.    <u>Defendants are Not Entitled to an Evidentiary Hearing</u>

Given the fact that this Court has intimate knowledge of these proceedings—from indictment to post-trial motions—it is difficult to see what would be gained by holding an evidentiary hearing on the Motion for New Trial. Accordingly, the Court declines to exercise its discretion to order an evidentiary hearing and instead relies on the acumen it gained during the

course of the proceedings to rule on this Motion. *See United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997) (citation omitted); *see also United States v. Caro*, No. 08-20044-CR, 2011 WL 4625383, at *6 (S.D. Fla. Oct. 2, 2011) ("A court may ordinarily decide such a motion without an evidentiary hearing; it is only where certain unique situations arise, such as jury tampering, prosecutorial misconduct or third party confession, that the court will order a hearing.").

### III.  CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Joint Motion for a New Trial (ECF No. 468) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of June, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:    All counsel of record